**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

# If you were or currently are a manager and/or assistant manager employed by Safeguard Operations LLC or Safeguard Properties LLC between October 31, 2007 and [DATE OF PRELIMINARY APPROVAL], you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement will provide a fund of up to $575,000 to pay current and former managers who worked at Safeguard Operations LLC or Safeguard Properties LLC ("Safeguard") between October 31, 2007 and [**DATE OF PRELIMINARY APPROVAL**] for allegedly unpaid overtime wages. The fees for court-appointed lawyers will come out of this fund, as will payments to the individuals who brought and participated in this lawsuit, before any payments are made to the individuals who decide to participate in this proposed class action settlement.

- This settlement resolves a lawsuit in the Eastern District of New York over whether Safeguard failed to pay overtime wages to certain of its employees; it avoids costs and risks to you from continuing the lawsuit; pays money to current or former Safeguard managers or assistant managers like you; and releases Safeguard from liability.

- The two sides disagree about how much money could have been won if the employees won a trial.

- Your legal rights are affected whether you act, or don't act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Safeguard, about legal claims related to wages, hours, or employee benefits. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS


| | |
|---|---|
| **BASIC INFORMATION……………………………………………...** <br>1. Why did I get this notice?<br>2. What is this case about?<br>3. Why is this a class action?<br>4. Why is there a settlement?<br>5. How do I know if I am part of the settlement? | **PAGE 4** |
| **THE SETTLEMENT BENEFITS—WHAT YOU GET……………** <br>6. What does the settlement provide?<br>7. How much will my payment be?<br>8. Tax treatment of settlement | **PAGE 6** |
| **HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM..** <br>9. How can I get a payment?<br>10. When would I get my payment?<br>11. What am I giving up to get payment or stay in the class? | **PAGE 8** |
| **THE LAWYERS REPRESENTING YOU…………………………......** <br>12. Do I have a lawyer in this case?<br>13. How will the lawyers be paid? | **PAGE 9** |
| **EXCLUDING YOURSELF FROM THE SETTLEMENT………...** <br>14. How do I get out of the settlement?<br>15. If I don't exclude myself, can I sue Safeguard later?<br>16. If I exclude myself, can I get money from this settlement? | **PAGE 10** |
| **OBJECTING TO THE SETTLEMENT…………………………….....** <br>17. How do I tell the Court that I don't like the settlement?<br>18. What's the difference between objecting and excluding? | **PAGE 12** |
| **THE COURT'S FAIRNESS HEARING………………..................** <br>19. When and where will the Court decide whether to approve the settlement?<br>20. Do I have to come to the hearing?<br>21. May I speak at the hearing? | **PAGE 13** |
| **IF YOU DO NOTHING…………………………………….....................** <br>22. What happens if I do nothing at all? | **PAGE 14** |
| **HOW CAN I GET MORE INFORMATION?....................................** | **PAGE 15** |

# BASIC INFORMATION

## 1. Why did I get this notice?

Safeguard's records show that you currently work, or previously worked, for Safeguard as a Manager and/or Assistant Manager in New York State between October 31, 2007 and [**DATE OF PRELIMINARY APPROVAL**], and that you may have worked more than forty (40) hours in one or more workweeks without receiving overtime compensation of time and one-half your hourly rate of pay, as is required by law.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. You have the ability to participate in the settlement, or you may decline to do so.

This notice explains the process required for informing the attorneys and the Court of your decision. The notice also explains the process the Court has put in place for deciding whether to approve the settlement, and for administering the settlement if it is approved.

The Court in charge of this case is the United States District Court for the Eastern District of New York, and the case is known as *Gloria Alexander, individually and on behalf of all others similarly situated v. Safeguard Operations LLC, and Safeguard Storage Properties, LLC d.b.a Safeguard Self Storage*, Case No. 1:13-cv-6061 (RRM)(JMA). The people who sued are called Plaintiffs, and the companies they sued, Safeguard Operations LLC and Safeguard Properties LLC ("Safeguard"), are called the Defendants.

## 2. What is this case about?

A former Safeguard employee filed a lawsuit claiming that Safeguard failed to pay her and other Managers and Assistant Managers

the overtime compensation that they were legally owed under the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Safeguard denies that it did anything wrong. Safeguard does not discourage your participation in the settlement, and the law strictly prohibits Safeguard from retaliating against you for participating in the settlement.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Gloria Alexander, Cheryl Whitfield, Angelo Kelly, Elisa Phillips, and Marisol Aviles), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Ann Donnelly is in charge of this class action.

## 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or the Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is the best outcome for all Class Members.

The Court did not decide which side was right. Both sides agreed to the settlement to resolve the case, and avoid further disputes, inconvenience, and expense. By agreeing to settle the case, Safeguard does not admit any liability, culpability, negligence, or wrongdoing.

## 5. How do I know if I am part of the settlement?

The Court decided that everyone who fits this description is a Class Member: All current and former managers and/or assistant managers employed by Safeguard Operations LLC or Safeguard Properties LLC

between October 31, 2007 and [**DATE OF PRELIMINARY APPROVAL**].

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 6. What does the settlement provide?

Safeguard has agreed to create a $575,000 fund (the "settlement fund") to pay Class Members who send in a valid claim form. Before the Class Members are paid, however, the following amounts may be removed from the settlement fund:

- Attorneys' Fees: The attorneys for the Class Members will ask the Court to grant them $191,666.66 from the settlement fund to pay for their fees and costs in this action.

- Class Representatives: The Class Representatives will seek special payments for their service in bringing this lawsuit on behalf of the Class Members. The total amount in service payments they seek is $30,000, to be distributed among the Class Representatives as follows: $15,000.00 to Gloria Alexander; $10,000.00 to Cheryl Whitfield; $3,000.00 to Marisol Aviles; $1,000.00 to Angelo Kelly; and $1,000.00 to Elisa Phillips.

- Claims Administrator Fees: A Claims Administrator was appointed to send out this notice, collect responses from the Class Members, and send Class Members who choose to participate their share of the settlement, if the Court approves it. The Parties have asked that the fees for this work, which they estimate to be around $7,500, be paid from the settlement fund.

If the Court approves all of these fees, $345,833.34 would remain in the settlement fund to pay Class Members. Any settlement funds that Class Members do not claim will be returned to Safeguard.

The settlement agreement allows Safeguard to back out of the settlement under certain circumstances. For example, if more than 5% of Class Members choose to opt out of the settlement, Safeguard has the right to back out of the settlement. In addition, Safeguard can also choose to back out of the settlement if Class Members claim more than $125,284.00 of the settlement fund (including the service awards to the class representatives). If Safeguard does choose to back out of the settlement, then this lawsuit would have to continue in Court in order for Class Members to be able to recover money.

## 7. How much will my payment be?

This package includes a form called "Consent to Join Claim Form and Release" ("claim form"). This form gives you an estimate of what your share of the settlement fund would be, if you decide to participate. Your share of the settlement fund was calculated based on the number of weeks you worked for Safeguard as a Manager and/or Assistant Manager in New York between October 31, 2007 and [**DATE OF PRELIMINARY APPROVAL**].

The number of weeks you worked is based on Safeguard's Human Resource and Payroll records. In calculating your share of the settlement fund, any partial weeks that you worked were treated as full weeks of work. A week was only included in the calculation if you received pay for actual work you performed during that week. This means that any weeks for which you did not perform work, but were paid due to vacation or sick pay, or other similar reasons, would not be included in calculating your portion of the settlement fund.

If you would like to dispute the number of weeks that you worked, the Safeguard facility at which you worked, or the amount of your settlement payment, the claim form explains how you should go about doing so. If there is a dispute as to how many weeks your worked or at which facility you worked, Safeguard's records will be presumed to be

correct, but the Parties will evaluate any information and evidence you submit to the Claims Administrator by the deadline, and then reach a final decision.

### 8. Tax treatment of settlement

If you choose to participate in the settlement, then (1) 50% of the payment made to you will be (a) deemed taxable, wage income paid under an IRS Form W-2, and (b) subject to ordinary payroll withholdings; and (2) 50% of the payments made to you from the Settlement Fund shall be treated as non-wage income and reported on an IRS Form 1099.

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

### 9. How can I get a payment?

To qualify for payment, you must send in a claim form and IRS Form W-4 ("Claim Form Package"). The claim form and IRS Form W-4 are both included with this notice. Read the instructions carefully, fill out the forms, sign them, and mail them postmarked no later than [**DATE**] to:

SAFEGUARD STORAGE SETTLEMENT
RG/2 Claims Administration LLC
PO Box 59479
Philadelphia, PA 19102-9479

By filling out this Claim Form Package, you will also be joining this case under the FLSA (this is sometimes referred to as "opting-in"). If you lose, misplace, or need another form, you should contact the Claims Administrator, at:

SAFEGUARD STORAGE SETTLEMENT
RG/2 Claims Administration LLC
PO Box 59479
Philadelphia, PA 19102-9479

## 10. When would I get my payment?

The Court will hold a hearing on [**DATE**] to decide whether to approve the settlement. If Judge Donnelly approves the settlement after that hearing, there may still be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a claim form will be informed of the progress of the settlement. Please be patient.

## 11. What am I giving up to get payment or stay in the Class?

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Safeguard (and related entities and individuals) about the legal issues in *this* case, or any other wage, hour, or employee benefit claims (including claims for vacation and unpaid sick leave) for acts occurring between October 31, 2007 and [**DATE OF PRELIMINARY APPROVAL**] that you could have asserted under state or federal law. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you will agree to a "Release of Claims," attached to the claim form, which describes exactly the legal claims that you give up if you get settlement benefits. Please review the Release of Claims carefully and make sure that you understand what rights you will give up if you stay in the class. If you have any questions, you may call, email, or correspond with Class Counsel, whose information is provided in section 12, below.

**THE LAWYERS REPRESENTING YOU**

## 12. Do I have a lawyer in this case?

If you choose to stay in the class, the Court has decided that the Law Office of Christopher Q. Davis is qualified to represent you and all other Class Members. These attorneys are called "Class Counsel." You do not

need to hire your own attorney because Class Counsel is working on your behalf.

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you have questions or desire additional details, you may call, email or correspond with Class Counsel. Here is the contact information for Class Counsel:

Christopher Q. Davis
The Law Office of Christopher Davis, PLLC
225 Broadway, Suite 1803
New York, New York 10007
(646) 430-7930
cdavis@workingsolutionsnyc.com
*Attorneys for Plaintiffs and the Class*

## 13. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $191,666.66 to them from the settlement fund for attorneys' fees and expenses. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Safeguard has agreed not to oppose Class Counsel's request for these fees, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, and you want to keep the right to sue or continue to sue Safeguard about the legal issues in this case, or any other wage, hour, or employee benefit claims for acts that occurred between October 31, 2007 and [DATE OF PRELIMINARY APPROVAL], then you must take steps to get out. This is called

excluding yourself—or is sometimes referred to as opting out of the settlement class.

## 14. How do I get out of the settlement?

To exclude yourself from the settlement, you must mail a letter postmarked by [**DATE**] that states: "I elect to exclude myself from the settlement in *ALEXANDER V. SAFEGUARD OPERATIONS, LLC*, Case No. 1:13-cv-606." You must include your name, address, and telephone number in the letter, and sign it. You should send the letter to:

SAFEGUARD STORAGE SETTLEMENT
RG/2 Claims Administration LLC
PO Box 59479
Philadelphia, PA 19102-9479

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue Safeguard in the future.

## 15. If I don't exclude myself, can I sue Safeguard later?

Unless you exclude yourself, you give up any right to sue Safeguard for the claims that this settlement resolves, as well as any other wage, hour or employee benefit claims for acts that occurred between October 31, 2007 and [**DATE OF PRELIMINARY APPROVAL**] that you may have against Safeguard. If you have a pending lawsuit against Safeguard, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is [**DATE**].

## 16. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against Safeguard.

## OBJECTING TO THE SETTLEMENT

If you choose to stay in the class, you can tell the Court that you don't agree with the settlement or some part of it. This is called objecting to the settlement. The Court will consider your views.

### 17. How do I tell the Court that I don't like the settlement?

To object, you must do two things. First, you must submit a Claim Form Package, as described in section 9, above. Second, you must submit a letter that says "I object to the settlement in *ALEXANDER v. SAFEGUARD OPERATIONS LLC*, Case No. 1:13-cv-6061," and that explains the reasons that you object to the settlement. The letter must include your name, address, telephone number, and signature.

The Court will hold a hearing to decide whether to approve the settlement, called a fairness hearing. More information about this hearing is below, in sections 19-21 of this notice. If you wish to appear at the fairness hearing, you should also state in your letter objecting to the settlement: "I intend to appear at the Fairness Hearing."

Your letter must be postmarked by [**DATE**]. You should send the letter to:

SAFEGUARD STORAGE SETTLEMENT
RG/2 Claims Administration LLC
PO Box 59479
Philadelphia, PA 19102-9479

You may withdraw your objection at any time.

Please note that you can only object to the terms of the settlement if you submit a Claim Form Package by the required date. However, if you submit a Claim Form Package and the Court rejects your objection, you will still be bound by the terms of the settlement. If you do not submit a Claim Form Package by the deadline, you will not be allowed to write a letter objecting to the settlement or to appear at the final approval hearing to voice any objections to the Settlement.

If you do not comply with the procedures and deadlines described in this notice for submitting written comments objecting to the settlement or appearing at the fairness hearing, you will <u>not</u> be entitled to be heard at the hearing, or to contest or appeal any approval of the settlement or any award of attorneys' fees or expenses, or to contest or appeal from any other orders or judgments of the Court entered in connection with the settlement. The Parties may file with the Court written responses to any filed objections.

## 18. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can only object if you stay in the settlement class. You cannot object to the settlement and exclude yourself from the settlement class.

Excluding yourself is telling the Court that you don't want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing on [**DATE**] to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. You may not speak at the hearing if you excluded yourself from the class.

## 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a fairness hearing before Judge Ann M. Donnelly on [**DATE**] in Courtroom 4GN at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. The purpose of this hearing will be for the Court to determine whether the settlement is fair, adequate, reasonable and should be approved by the Court. The Court will take into account any comments or objections that you have filed in accordance with the procedures described above.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer questions that Judge Donnelly may have. But, you are welcome to come at your own expense. If you sent an objection to the settlement, you don't have to come to Court to talk about it. As long as you mailed your written objection in time, the Court will consider it. You may also pay your own lawyer to attend, but that's not necessary.

## 21. May I speak at the hearing?

If you would like to speak at the hearing, you should follow the process described at section 17. You cannot speak at the hearing if you excluded yourself from the class.

# IF YOU DO NOTHING

## 22. What happens if I do nothing at all?

If you do nothing, you will not get any money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Safeguard about the legal issues in this case, or any other wage, hour or employee

benefit claims that you may have against Safeguard for acts that occurred between October 31, 2007 and [DATE OF PRELIMINARY APPROVAL].

## HOW CAN I GET MORE INFORMATION?

This notice does not contain all of the terms of the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Class Counsel at:

Christopher Q. Davis
The Law Office of Christopher Davis, PLLC
225 Broadway, Suite 1803
New York, New York 10007
(646) 430-7930
cdavis@workingsolutionsnyc.com
*Attorneys for Plaintiffs and the Class*

If you have questions or desire additional details, you may also call, email or correspond with Class Counsel.