FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 18 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GLORIA ALEXANDER, individually and/or on behalf of others similarly situated,

    Plaintiffs,

- versus -

SAFEGUARD OPERATIONS LLC; and SAFEGUARD STORAGE PROPERTIES, LLC d.b.a. SAFEGUARD SELF STORAGE,

    Defendants.

---

ORDER

13 Civ. 06061 (AMD) (RLM)

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS AND COLLECTIVE ACTION, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF NOTICE OF SETTLEMENT

**ANN DONNELLY**, District Judge:

This matter is before the Court pursuant to the plaintiffs' unopposed motion seeking (1) preliminary approval of the settlement agreement reached between the plaintiffs, Gloria Alexander, Cheryl Whitfield, Angelo Kelly, Elisa Phillips, and Marisol Aviles ("plaintiffs") and the defendants, Safeguard Operations LLC and Safeguard Storage Properties, LLC, d.b.a. Safeguard Self Storage ("defendants" or "Safeguard"); (2) provisional certification of the proposed settlement class under Federal Rule of Civil Procedure 23(b)(3) and collective action under 29 U.S.C. § 216(b) for settlement purposes only; (3) the appointment of the Law Office of Christopher Q. Davis as class counsel; (4) and approval of the proposed Notice of Proposed Class Action Lawsuit Settlement and Final Fairness Hearing and Consent to Join Claim Form and Release ("Notice").

1

Plaintiff Gloria Alexander filed this action on October 31, 2013, on behalf of herself and a putative class of others similarly situated, alleging that the defendants violated the Fair Labor Standards Act and the New York Labor Law by (1) failing to pay overtime premiums for all hours worked over 40 in a given workweek, and (2) denying minimum wage and/or "gap time" compensation for all hours under 40 in a given workweek. The defendants have denied these allegations. After participating in a private mediation on July 20, 2015, the parties informed the Court that they had reached a settlement in principle in satisfaction of all class claims.

On November 30, 2015, the plaintiffs filed an unopposed motion before this Court seeking preliminary approval of the parties' settlement agreement, provisional certification of a class and collective action,[1] the appointment of class counsel, and the parties' proposed notice and claims release form. The parties appeared at a preliminary hearing on January 28, 2016 regarding the motion. At the Court's request, on February 5, 2016, the parties submitted a revised Notice of Proposed Class Action Lawsuit Settlement and Final Fairness Hearing. The Court proposed a revised Notice on March 29, 2016, and the parties provided their joint comments to this revised Notice on April 6, 2016.

After a June 21, 2016 order from the Court requesting clarification from the parties, the parties submitted a revised settlement agreement (ECF 57-1), an amended notice form (ECF 56-1), an amended claim form (ECF 56-4), and an amended proposed order (ECF 56-2).

Having read and considered the settlement agreement and related papers, and based upon my familiarity with the record and proceedings in this matter:

---

[1] The parties confirmed on July 8, 2016 that they sought provisional certification of a collective action pursuant to 29 U.S.C. § 216(b) in addition to provisional certification of a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

2

1. The Court preliminarily approves the parties' Joint Stipulation of Settlement and Release ("Settlement Agreement") (ECF 57-1).

2. The Court finds that the proposed class meets the requirements for provisional certification of an FLSA collective action under 29 U.S.C. § 216(b), and therefore grants provisional certification to the following collective action for settlement purposes only:

> All persons who were employed by Safeguard, in the State of New York as Store Managers and/or Assistant Managers between October 31, 2007 and August 17, 2016.

Entry of this Order is without prejudice to the defendants' rights to oppose certification of a collective action, and/or to seek decertification or modification of the collective should the proposed Settlement Agreement not become final.

3. The Court finds that the proposed class meets the requirements of Federal Rule of Civil Procedure 23, and therefore grants preliminary certification to the following class for settlement purposes only:

> All persons who were employed by Safeguard, in the State of New York as Store Managers and/or Assistant Managers between October 31, 2007 and August 17, 2016.

Entry of this Order is without prejudice to the defendants' rights to oppose certification of a class in this action, and/or to seek decertification or modification of a class should the proposed Settlement Agreement not become final.

4. The Court has determined that the form and content of the amended Notice of Proposed Class Action Lawsuit Settlement and Final Fairness Hearing (ECF 56-1) is the best practicable notice under the circumstances and complies with the requirements of Federal Rule of Civil Procedure Rule 23, the Fair Labor Standards Act, and the applicable standards of due process. The parties are to update the form to include the date of preliminary approval, and may make minor formatting changes, such as updating the table of contents, before disseminating this

Notice. The parties are also to add "Notice of Class and Collective Action Settlement" underneath "United States District Court for the Eastern District of New York" on the first page of the Notice.

5. The Court approves the Consent to Join Claim Form and Release (ECF 56-4).

6. The Court approves, for purposes of the settlement, the Law Office of Christopher Q. Davis, PLLC, as Class Counsel for the class and collective actions.

7. The Settlement Fairness Hearing shall be held before the Court, on January 13, 2016 at 11:00 a.m. at the United States District Court, Eastern District of New York, U.S. Courthouse, 225 Cadman Plaza East, Courtroom 4GN, New York, New York, 11201, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interest of the Class, and should be approved by the Court. All additional papers in support of settlement shall be filed and served by December 20, 2016.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: August 17, 2016
Brooklyn, New York