FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 1 0 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GLORIA ALEXANDER, individually and/or
on behalf of others similarly situated,

                                   Plaintiffs,

- versus -


SAFEGUARD OPERATIONS LLC; and
SAFEGUARD STORAGE PROPERTIES,
LLC d.b.a. SAFEGUARD SELF STORAGE,

                                   Defendants.

ORDER
NOT FOR PUBLICATION

13 Civ. 06061 (AMD) (RLM)


## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND FLSA SETTLEMENTS, CERTIFICATION OF THE SETTLEMENT CLASS, SERVICE AWARDS, AND ATTORNEYS' FEES

**ANN DONNELLY**, District Judge:

This matter is before the Court pursuant to the plaintiffs' unopposed motion seeking (1) final approval of the class action and FLSA settlement agreement reached between the plaintiffs, Gloria Alexander, Cheryl Whitfield, Angelo Kelly, Elisa Phillips, and Marisol Aviles ("plaintiffs") and the defendants, Safeguard Operations LLC and Safeguard Storage Properties, LLC, d.b.a. Safeguard Self Storage ("defendants" or "Safeguard"); (2) final certification of the settlement class; (3) approval of service awards to the plaintiffs; and (4) approval of $191,666.66 in attorney's fees. For the reasons stated below, the Court grants each of the final approvals requested by the parties.

## BACKGROUND

Plaintiff Gloria Alexander filed this action on October 31, 2013, on behalf of herself and a putative class of others similarly situated, alleging that the defendants violated the Fair Labor Standards Act and the New York Labor Law by (1) failing to pay overtime premiums for all hours worked over 40 in a given workweek, and (2) denying minimum wage and/or "gap time" compensation for all hours under 40 in a given workweek. The defendants denied these allegations. After participating in a private mediation on July 20, 2015, the parties informed the Court that they had reached a settlement in principle in satisfaction of all class claims.

On November 30, 2015, the plaintiffs filed an unopposed motion for preliminary approval of class settlement, provisional certification of the settlement class, appointment of class counsel, and approval of notice of settlement. (ECF 41.) On August 17, 2016, the Court preliminarily approved:

(1) The parties' Joint Stipulation of Settlement and Release;
(2) The following class definition for an FLSA class action: All persons who were employed by Safeguard, in the State of New York as Store Managers and/or Assistant Managers between October 31, 2007 and August 17, 2016;
(3) The following class definition for a Rule 23 class action: All persons who were employed by Safeguard, in the State of New York as Store Managers and/or Assistant Managers between October 31, 2007 and August 17, 2016;
(4) The parties Notice and Claim Form; and
(5) The Law Office of Christopher Q. Davis as Class Counsel.

After the Court granted preliminary approval to the settlement agreement, the defendants provided the Claims Administrator, RG/2, with contact information for 185 individuals who met the class definition. (Davis Declaration, ECF 62, ¶ 38.) On September 20, 2016, RG/2 served these class members with the approved Class Notice and Consent to Join Claim Form. (*Id.* ¶ 39.) Several individuals who were not included in the class data provided by the defendants, but who believed that they were class members, contacted RG/2. (*Id.* ¶ 40.) The parties determined that

2

six of these individual members were class members, and RG/2 mailed them the Class Notice form, bringing the total number of class members who were sent notice packets to 191. (*Id.*) Of the 191 notice packets that were sent, only one was ultimately undeliverable. (*Id.* ¶ 41.)

As of December 27, 2016, RG/2 Claims received 87 Claim Forms, which represents 45.55% of the settlement class. (*Id.* ¶ 42.) As set forth in the parties' settlement agreement, the formula for allocating settlement funds to each claimant is based on the number of compensable weeks that he or she worked at Safeguard. Based on this, the total estimated settlement amount to be paid to these class members is $225,700.34. (*Id.* ¶ 43.) The highest payment to a class member is $8,874,45, and the median payment is $2,083.57. (*Id.*) Class counsel estimates that based on the number of weeks worked by the 191 class members, this represents 65% of the total possible recovery. (*Id.* ¶ 43.)

Overall, the sums to be paid out of the settlement fund, which provided for up to $575,000, includes: (1) attorneys' fees and costs of $191,666.666; (2) service awards of $30,000; (3) payments to claimants of $255,700.34; and (4) administration costs of $7,500, resulting in a total payment of $455,000. (*Id.* ¶ 43.)

As of December 27, 2016, RG/2 had not received any requests for exclusion from the settlement or any objections to the settlement. (*Id.* ¶ 44.) The Court held a final fairness hearing on January 13, 2017. No objectors appeared at the hearing.

## CONCLUSION

Having considered the relevant standards and law, the Court:

(1) Finally certifies the following settlement class: All Individuals who, according to Defendants' records, worked in the position of Store Manager or Assistant Store Manager with Safeguard Self Storage in a location in New York during the period October 31, 2007 through August 17, 2016.

3

(2) Approves the class action and FLSA settlement memorialized in the Joint Stipulation of Settlement and Release (ECF 57-1), as it is fair, reasonable, adequate, and in the best interests of the class members;

(3) Approves the following service awards to the plaintiffs. (1) $15,000 for Gloria Alexander; (2) $10,000 for Cheryl Whitfield; (3) $3,000 for Marisol Aviles; (4) $1,000 for Angelo Kelly, and (5) $1,000 for Elisa Phillips.

(4) Approves $191,666.66 in attorney's fees to Class Counsel, Law Office of Christopher Q. Davis.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

s/Ann M. Donnelly
_____

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       March 13, 2017